NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELIZABETH B.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 20-12286 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER**, having come before the Court upon the "Motion for Counsel Fees Under 42 U.S.C. § 406(b)" of Robert Petruzzelli ("Mr. Petruzzelli"), (ECF No. 27), counsel for Plaintiff Elizabeth B.[1] ("Plaintiff"), seeking attorney's fees in the amount of $25,624.25; and

**THE COURT NOTING** that, having reviewed Mr. Petruzzelli's Motion,[2] Mr. Petruzzelli asserts that he is entitled to $25,624.25 of the $139,297.00 in retroactive Social Security benefits awarded to his client for his client's disability beginning in 2016, equal to 25% of that award minus $9,200 for fees authorized by the Social Security Administration for services before the Administration. (ECF No. 27-1 at 1–2.[3]) Mr. Petruzzelli asserts that Plaintiff received this award following the Court's order, remanding Plaintiff's request for benefits for further proceedings, (*id.* at 1; ECF No. 23), benefits that were subsequently awarded to Plaintiff following that remand, (ECF No. 27-1 at 1). On April 22, 2024, the Court awarded Mr. Petruzzelli $6,500 in attorney's

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[2] Although the Motion is filed under Plaintiff's name, "the real part[y] in interest [is her] attorney[], who seek[s] to obtain . . . fee awards under § 406(b)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[3] The Court cites to the ECF page numbers of ECF No. 27-1 because not every page has a page number.

fees pursuant to the Equal Access to Justice Act ("EAJA") for the 34.2 hours he spent working on Plaintiff's case. (ECF No. 26; ECF No. 27-1 at 3 (noting 34.2 hours)); 28 U.S.C. § 2412(d)(1)(A). Consistent with his fee agreement with Plaintiff, Mr. Petruzzelli moved on April 17, 2026 for a fee award of $25,624.25, which he contends is a reasonable fee amount, (ECF No. 27-1 at 1); and

**WHEREAS**, the Court may determine that an attorney in a representation before this Court and the Commissioner of Social Security (the "Commissioner") is entitled to a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," 42 U.S.C. § 406(b)(1)(A); and

**WHEREAS**, the Commissioner "neither supports nor opposes" Mr. Petruzzelli's Motion, (ECF No. 28 at 1), as he "has no direct financial stake in the answer to the § 406(b) question; instead [he] plays a part in the free determination resembling that of a trustee for the claimant[]," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002); and

**WHEREAS**, the Court must "review for reasonableness fees yielded by [contingency-fee] agreements" like Mr. Petruzzelli and Plaintiff's, *id.* at 809, including by considering "(1) the character of the representation; (2) the results achieved; (3) whether the attorney was responsible for any delay; and (4) whether the benefits are large in comparison to the amount of time spent on the case," *Acosta v. Comm'r Soc. Sec.*, No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (per curiam) (citing *Gisbrecht*, 535 U.S. at 808); and

**WHEREAS**, the Court "must also consider 'the primacy of lawful attorney-client fee agreements,'" *id.* (quoting *Gisbrecht*, 535 U.S. at 793); and

**WHEREAS**, counsel may be entitled to attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)(A), but the attorney must refund the smaller fee awarded between the two amounts to the claimant, *Gisbrecht*, 535 U.S. at 796; and

**THE COURT FINDING** that Mr. Petruzzelli's request for attorney's fees of $25,624.25 is reasonable. First, Mr. Petruzzelli represented Plaintiff throughout the appeal process, including reviewing the underlying record and medical exhibits, preparing Plaintiff's opening brief, and preparing Plaintiff's reply brief. (*See* ECF No. 27-1 at 8.) Second, Mr. Petruzzelli was successful in his representation of Plaintiff, securing Social Security benefits for the period of November 2016 to February 2026. (*See* ECF No. 27-1 at 1.) Third, because Mr. Petruzzelli's Motion was within 30 days of when the "notice of award [was] issued by the Commissioner" and when Mr. Petruzzelli was "notified of that award," his Motion for fees is timely under Local Rule 54.2(a) and Federal Rule of Civil Procedure 54(d)(2). *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *see Planned Parenthood of Cent. N.J. v. Att'y Gen. of State of N.J.*, 297 F.3d 253, 259–61 (3d Cir. 2002) (holding that Local Rule 54.2(a) validly extends the time to move for fees under Federal Rule of Civil Procedure 54(d)(2) to 30 days); (ECF No. 27 (motion filed April 17, 2026); ECF 27-1 at 10 (notice of Commissioner's award dated March 25, 2026).) Fourth, Mr. Petruzzelli's requested fee, averaging to approximately $749.25 per hour worked ($25,624.25 divided by 34.2 hours), is not excessive when compared to other approved fees throughout this Circuit. *See* (ECF No. 27-1 at 8 (34.2 hours worked in appeal)); *see, e.g., Heath Reynold L. v. Bisignano*, No. 24-1335, 2025 WL 2899996, at *3 (E.D. Pa. Oct. 9, 2025) (collecting cases permitting § 406(b) fees in excess of $1,000 per hour). Finally, considering "the primacy of lawful attorney-client fee agreements," the Court will honor Mr. Petruzzelli and Plaintiff's agreement here, which meets the 42 U.S.C. § 406(b)(1)(A) threshold of 25 percent. *Gisbrecht*, 535 U.S. at 793. However, because Mr. Petruzzelli already received $6,500 under the EAJA, he must refund Plaintiff this lesser fee. *Id.* at 796; (ECF No. 26.)

3

**IT IS** on this 4th day of May, 2026,

**ORDERED** that Mr. Petruzzelli's Motion (ECF No. 27) is **GRANTED**; and it is further

**ORDERED** that Mr. Petruzzelli refund the EAJA award of $6,500 to Plaintiff upon receipt of $25,624.25; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the Motion pending at ECF No. 27.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

4